## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ROBERT EASLEY,

      Plaintiff,

v.                                 Case No.  5:18-cv-148-TKW/MJF

MARK S. INCH, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Easley, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 34), and a motion for permanent injunction. (Doc. 37). The undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Easley's abuse of the judicial process in failing to completely and honestly disclose his prior litigation history.[1]

## I.    Background

Easley, DC#L11027, is an inmate of the Florida Department of Corrections (FDC) confined at the Northwest Florida Reception Center (NWFRC) in Chipley,

_____

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Florida. Easley initiated this case on June 18, 2018, by filing a "Motion for Permanent/Temporary Injunction; Temporary Restraining Order; Memorandum of Law; and Request for Evidentiary Hearing." (Doc. 1). The court struck the filing and ordered Easley to file a complaint on the Northern District of Florida's civil rights complaint form for use by prisoners. (Doc. 4). Easley eventually complied (Doc. 13), and has amended his complaint three times. (Docs. 27, 29, 34). Easley's third amended complaint is the operative pleading. (Doc. 34).

Easley's third amended complaint names two Defendants: FDC Secretary Mark S. Inch and NWFRC Nurse Mary Pliskin. (Doc. 34, pp. 1-2 in ECF). Easley claims they violated his rights under the Civil Rights Act as amended, 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134; and Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794, when they denied him therapeutic soft shoes to accommodate his foot and back pain, diabetes, and neuropathy. (Doc. 34, pp. 6-11 in ECF). As relief, Easley seeks a total of $775,000.00 in damages, as well as injunctive relief (the provision of various accommodations and medical passes). (*Id*., p. 12 in ECF). Easley's motion for a permanent injunction seeks to compel the FDC to provide him soft shoes, an ADA bed, an ADA locker, a back brace, button-up shirts, pain medications, muscle relaxers, epidural shots, physical therapy, and the following medical passes: front

door access to the chow hall, front cuff, no prolonged sitting, and no recreation. (Doc. 37).

## II.    Discussion

### A.    Screening for Maliciousness

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (screening provision of *in forma pauperis* statute).

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his prior litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner

was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

## B.    Easley's Disclosures

In each of his complaints, Easley provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 34 at 3). On page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 34, p. 3 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Easley marked "Yes", and disclosed one case:

> (1)    *Easley v. Dep't of Corr.*, Case No. 1:11cv23547 – a civil rights action Easley filed in the United States District Court for the Southern District of Florida ("Southern District") in 2011 for medical deliberate indifference – an action Easley "lost in summary judgment stage" in 2014.

(Doc. 34, p. 3 in ECF).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 34, p. 4 in ECF) (footnote added). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Easley marked "Yes", and disclosed three cases:

(1)    *Easley v. Detective, Ft. Lauderdale Police, et al*., No. 0:10cv60367 – a civil rights action Easley filed in the Southern District in 2010, against Detective Edgar Cruz and others for "destruction of Brady material" – an action Easley voluntarily dismissed in 2010;

(2)    *Easley v. Ft. Lauderdale Police, et al*., No. 0:05cv61592 – a civil rights action Easley filed in the Southern District in 2005, against Ft. Lauderdale Police Officers Steven Bellerose and Jason Wood for excessive force – an action Easley lost in 2008 after a trial; and

(3)    *Easley v. Inch*, No. 0:18cv60485 – a habeas corpus action Easley filed in the Southern District in 2018 – an action that remains pending.

(Doc. 34, pp. 4-5 in ECF).[3]

---

[2] Question (A) asked Easley whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in this action. Easley marked "No" and disclosed no cases.  (Doc. 34, p. 3 in ECF).

[3] Easley did not identify the case numbers for 0:10cv60367 and 0:05cv61592, but provided sufficient detail for the court to identify them from the Southern District's

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (Doc. 34, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Easley marked "Yes", and disclosed one case:

(1)    *Easley v. Balmir, et al.*, No. 1:13cv22234 – a civil rights action Easley filed in the Southern District in 2013, against Dr. Carl Balmir for medical deliberate indifference – an action that was dismissed in 2014, for failure to state a claim (failure to exhaust administrative remedies).

(Doc. 34, p. 4 in ECF).[4]

Thus, Easley disclosed a total of five cases.[5] At the end of the civil rights complaint form, Easley signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 34, p. 12 in ECF). Thus, Easley has in effect stated that at the time he filed his third amended complaint, he had not initiated any

---

records, namely, the defendant, the filing date, the dismissal date, the claims raised, and the reason for dismissal.

[4] Again, Easley did not identify the case number for 1:13cv22234, but provided sufficient detail for the court to identify the case from the Southern District's records.

[5] Easley's prior complaints disclosed no additional cases. (*See* Docs. 13, 27, 29).

other action in a federal court relating to the conditions of his confinement, or that was dismissed prior to service.

### C.    Easley's Omissions

The undersigned takes judicial notice that at the time Easley filed his complaint in this case, he previously had initiated at least four other civil actions that he should have disclosed:

(1)    *Easley v. Sec'y, Fla. Dep't of Children & Families*, Case No. 0:06cv60010 (S.D. Fla. June 29, 2006) (a civil rights action dismissed for failure to timely effect service under Fed. R. Civ. P. 4(m)).

(2)    *Easley v. Ft. Lauderdale Police Dep't, et al.*, No. 0:11cv60713 (S.D. Fla. 2011) (a civil rights action against two police departments, two police officers, the state attorney's office, and a judge, which was dismissed for failure to state a claim upon which relief may be granted).

(3)    *Easley v. Cruz*, No. 0:13cv61332 (S.D. Fla. Aug. 27, 2013) (a civil rights action again a detective, which Easley voluntarily dismissed).

(4)     *Easley v. Dep't of Corr.*, No. 13-14257, 590 F. App'x 860 (11th Cir. 2014) (appeal file by Easley to appeal the entry of summary judgment in favor of the defendants in Case No. 1:11cv23547).

### D.    The Materiality of Easley's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the courts:

[I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the

> prisoner's current case. All of these things are appropriately considered
> in connection with the preliminary review of such a complaint under
> the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.*, at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests.

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Here, Easley falsely responded to questions on the complaint form as detailed above. Easley knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 34, p. 3 in ECF).

### E.   <u>The Appropriate Sanction is Dismissal Without Prejudice</u>

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x at 936. The court should not allow Easley's false responses to go unpunished. If Easley suffered no penalty for his untruthful responses, there would be no consequences for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Easley's abuse of the judicial process is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Svc.*, 735 F. App'x 704, 705, 2018 WL 4050732 (11th Cir.

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice will not preclude Easley from refiling this action. Generally, the statute of limitations for claims under § 1983 of the type alleged by Easley is four years. *See Stephenson*, 554 F. App'x 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Easley complains of conduct that occurred in 2018.

Aug. 24, 2018) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed to disclose a habeas corpus action); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

## III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.    Plaintiff's pending "Motion for Emergency Permanent Injunction, Request for an Evidentiary Hearing and Memorandum of Law" (Doc. 37) be **DENIED**.

3.    The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City Beach, Florida, this 22nd day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.