## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ROBERT EASLEY,**

 **Plaintiff,**

**v.**            **Case No.  5:18cv148-TKW-MJF**

**MARK S. INCH, et al.,**

 **Defendants.**

               /

## O R D E R

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 38) and the objection filed by Plaintiff (Doc. 41).  Based on my de novo review of the issues raised in the objection, I agree with the magistrate judge that this case is due to be dismissed pursaunt to 28 U.S.C. §1915A(b)(1) and §1915(e)(2)(B)(i).

Plainiff is an inmate in state custody.  He initiated this case is June 2018, alleging that prison officials violated his rights under 42 U.S.C. §1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, by denying him therapeutic soft shoes to accommodate his foot and back pain, diabetes, and neuropathy.  Plainitff amended his complaint three times, using the civil rights complaint form required by N.D. Fla. Loc. R. 5.7(A).

Under the heading "PREVIOUS LAWSUITS," the complaint form required Plaintiff to disclose his litigation history, both in state and federal court. Pertinent here, Section IV.C of the form required Plaintiff to list "actions [he initiated] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)" (emphasis in original). The form includes a warning that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE" (emphasis in original).

Here, Plaintiff disclosed five prior federal cases, *see* Doc. 34, at 3-6, but the magistrate judge determined that Plaintiff misrepresented his litigation history by not listing four additional federal cases, *see* Doc. 38, at 7.[1] Plaintiff takes issue with that finding in his objection. *See* Doc. 41, at 2-3.

---

[1] Although the magistrate judge focused on the federal cases that Plaintiff failed to list, it appears that Plaintiff has also filed a number of state court cases that should have been listed in Section IV.C. For example, the online docket for the First District Court of Appeal reflects that Plaintiff filed a petition for writ of habeas corpus in that court in case number 1D17-3771. Also, the online docket for the Fourth District Court of Appeal reflects more than a dozen postconviction appeals and petitions filed by Plaintiff in that court, including several habeas petitions, and in case number 4D18-3644, the court barred Plaintiff from further pro se filings because of his history of meritless challenges to his conviction.

Plaintiff's objection is well-taken with respect to two of the four cases identified by the magistrate judge. One of the cases (S.D. Fla. Case No. 0:06cv60010) involved a suit arising out of Plaintiff's children being taken from him by the state welfare agency, not the fact or manner of Plainitff's incarceration or the conditions of his confinement. Another case (11th Cir. Case No. 13-14257) was an appeal of the final order in one of the cases that Plaintiff listed on the complaint form, not a separate "lawsuit" or "action."

However, there is no merit in Plainitff's objection with respect to the other two cases identified by the magistrate judge. Those cases are the type that the complaint form requires be disclosed, and contrary to Plaintiff's argument in his objection, neither case was listed on the complaint form. For example, although Plaintiff listed a 2010 civil rights action (S.D. Fla. Case No. 0:10cv60367) against Detective Cruz and others, he did not list a separate 2013 civil rights action (S.D. Fla. Case No. 0:13cv61332) against the same detective.

Plaintiff argues that his failure to list the additional cases was an inadvertent "memory lapse," not an intentional omission intended to mislead the Court. The problem with that argument is that Plaintiff had three chances to remember these additional cases, yet he failed to list them in any of his three amended complaints.

Under the circumstances, I agree with the magistrate judge that Plaintiff's failure to fully disclose his litigation history cannot go unpunished and that the

appropriate sanction is dismissal of this case without prejudice.[2] *See* Doc. 38, at 9-10. This will not preclude Plaintiff from refiling this action, *id.* at 9 n. 4 (discussing the applicable statute of limitations for the claims raised in this case), but it will require him to pay another filing fee. That is a small price to pay for not complying with the directive in the complaint form and it should serve to deter Plaintiff and others like him from not fully disclosing their litigation history in future cases.

Accordingly, it is **ORDERED** that:

1.     The magistrate judge's Report and Recommendation is **ADOPTED** and incorporated by reference in this Order, except as indicated above.

2.     This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) and §1915(e)(2)(B)(i).

3.     All pending motions that predate the Report and Recommendation are **DENIED as moot.**

4.     Plaintiff's motion for leave to amend complaint (Doc. 39) is **DENIED**, and the fourth-amended complaint (Doc. 40) filed without leave of court is **STRICKEN**.

---

[2] Granting Plaintiff leave to amend his complaint for a fourth time to list the additional cases idenfiied by the magistrate judge—as Plaintiff requested in a motion (Doc. 39) filed contemporaneously with his objection to the Report and Recommendation—would undermine the purpose of the disclosures required by the complaint form. Additionally, it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history.

5.    The Clerk shall **CLOSE** the case file.

**DONE and ORDERED** this 12th day of August, 2019.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**